UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA CARRILLO,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. CV 12-00282-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On January 12, 2012, Lilia Carrillo ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on May 14, 2012. On September 10, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 60 year old female who applied for Social Security Disability Insurance benefits on July 28, 2009, and Supplemental Security Income benefits on July 31, 2009, alleging disability beginning August 26, 2008. (AR 16.) Plaintiff has not engaged in substantial gainful activity since August 26, 2008, the alleged onset date. (AR 18.)

Plaintiff's claims were denied initially on December 3, 2009. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Robert S. Eisman on March 29, 2011, in Downey, California. (AR 16.) Claimant appeared at the hearing and testified with the assistance of a Spanish interpreter. (AR 16.) Plaintiff was represented by counsel. (AR 16.) Vocational expert ("VE") Freeman Leeth Jr. also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on May 13, 2011. (AR 16-26.) The Appeals Council denied review on November 25, 2011. (AR 1-8.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as the ground for reversal and remand:

1.   Whether the ALJ properly determined the past relevant work of Plaintiff.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination,

the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 26, 2008, the alleged onset date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: status post colles and ulnar styloid fracture, and sleep apnea. (AR 18.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 20.)

The ALJ then found that the Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> . . . can exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects. Claimant can stand and walk up to 6 hours and sit up to 6 hours in an 8-hour workday with normal breaks. She can perform work that does not require climbing ladders, ropes or scaffolds, and no more than occasional climbing of ramps or stairs, stooping, kneeling, crouching or crawling. Claimant can perform work that does not require any exposure to environmental respiratory irritants or poorly ventilated areas (i.e., asthma precautions), and does not require even moderate exposure to hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions.

(AR 20.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 21-22.)

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a sewing machine operator I as generally performed. (AR 26.) Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 26.)

## DISCUSSION

Plaintiff contends that the ALJ's step four finding that she can perform her past relevant work ("PRW") as a sewing machine operator as generally performed is not supported by substantial evidence. The Court disagrees.

**A.   Relevant Federal Law**

A claimant has the burden of proving that he or she no longer can perform past relevant work ("PRW"). Pinto, 249 F.3d at 844. The ALJ, however, has a duty to make the requisite

factual findings to support his conclusion on PRW. Id. This is done by examining a claimant's RFC and the physical and mental demands of the claimant's PRW. Id. at 844-45.

A claimant must be able to perform: (1) the functional demands and job duties of a particular past relevant job as he or she actually performed it, or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61; Pinto, 249 F.3d at 845. In making this determination, the ALJ must make the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62. Past work experience "must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability" to perform the functional activities of past work. Id. The ALJ's decision "must be developed and explained fully in the disability decision." Id.

Social Security regulations advise the ALJ to consider first whether the individual still can do PRW as he or she actually performed it because individual jobs within a category may not entail all of the requirements of a job in that category set forth in the Dictionary of Occupational Titles ("DICOT"). SSR 96-8p; Pinto, 249 F.3d at 845. The claimant is an important source of information about his or her PRW. SSR 82-41; Pinto, id. Other sources of information that may be consulted include vocational expert ("VE") testimony and DICOT. 20 C.F.R. §§ 404.1560 (b)(2) and 416.960 (b)(2); SSR 82-61.

The ALJ then can proceed to determine whether a claimant can perform his or her PRW as generally performed. Id. Typically, the best source of how a job is generally performed in the national economy is the DICOT. Id. An ALJ may accept vocational expert testimony that varies from the DICOT, but the record must contain "persuasive evidence to support the

deviation." Id. at 846 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DICOT. SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DICOT. Id.; Massachi, 486 F.3d at 1153. Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify variation from DICOT. Id. at 1154 n.19.

**B.     Analysis**

The ALJ's RFC provides that Plaintiff can perform a reduced range of light work that should not involve "even moderate exposure to hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions." (AR 20.) At the hearing, the ALJ asked the vocational expert whether a person who must avoid "even moderate exposure to hazardous machinery" could perform her PRW as a sewing machine operator I (DICOT 787.682-066). (AR 55-56.) The VE answered yes, as generally performed (AR 55-56), and also testified that his opinion was consistent with the information in the DICOT job description. (AR 56-57.) Based on the VE's testimony, the ALJ found that Claimant is able to perform her PRW as a sewing machine operator as generally performed. (AR 26.)

The ALJ's PRW finding is supported by substantial evidence. The DICOT job description for sewing machine operator I (787.682-066) requires exposure to "moving mechanical parts" frequently, meaning that the condition exists from 1/3 to 2/3 of the time. There is no mention in DICOT 787.682-066 of anything hazardous, nor are sewing machines described as hazardous machinery.

To interpret the job element of moving mechanical parts, however, Plaintiff refers to The Revised Handbook For Analyzing Jobs published by the United States Department of Labor ("Handbook"). Plaintiff contends that page 12-11 of the Handbook establishes that proximity to moving mechanical parts involves exposure to bodily injury. Plaintiff therefore asserts that a conflict exists between the DICOT and the VE testimony because an individual precluded from work requiring even moderate exposure to hazardous machinery cannot perform work requiring

frequent proximity to moving mechanical parts that results in "exposure to possible bodily injury."

Closer scrutiny of page 12-11, however, indicates that it does not apply to sewing machines or to all jobs that require working with moving parts but to particular, specified jobs with moving mechanical parts that do involve exposure to possible bodily injury. The complete text relied on by Plaintiff is as follows:

> **8. PROXIMITY TO MOVING MECHANICAL PARTS**
>
> Exposure to possible bodily injury from moving mechanical parts of equipment, tools, or machinery.
>
> MP:1 Sets up and operates variety of woodworking machines to surface, cut and shape lumber, and to fabricate parts for wood products. Worker is subject to possible cuts, abrasions, injury to eyes, and loss of extremities.
>
> MP:2 Tends fabricating machines, such as shears, brakes, straightening presses, and punches to shape and bend metal plates, sheets, and structural shapes. Worker is subject to possible injury, such as cuts, fractures, crushed hands or feet, hernia, and eye injury from metalworking machinery.
>
> MP:3 Constructs, erects, installs, and repairs structures and fixtures of wood, plywood, and wallboard. Worker is subject to possible bodily injury from power saws and other power tools.
>
> MP:4 Inspects and adjusts automatic pinsetters. Worker is subject to possible bodily injury from machinery.

This passage refers to woodworking machines that could result in loss of extremities, fabricating machines that could result in crushed hands, construction that could result in injury from power tools, and working around automatic pinsetters that could result in injury. There is no mention of sewing machines, no characterization of sewing machines as hazardous, and no specification of injuries commonly expected to occur in operating sewing machines. Each of

the machines described appears to be hazardous. The Court does not think it reasonable to interpret page 12-11 as applicable to all jobs involving moving parts, including sewing machines.

Plaintiff's RFC does not preclude working with machinery containing moving parts. She was precluded from exposure to hazardous machinery. Neither DICOT 787.682-066 nor page 12-11 of the DICOT establish that sewing machines are hazardous or that their moving parts expose their operators to possible bodily injury.

The ALJ asked the VE if there was a conflict between his testimony and the DICOT, and he answered "No." (AR 56-57.) Plaintiff complains that the ALJ did not ask for an explanation for the deviation from DICOT but there was no conflict between the VE's testimony and the DICOT. Plaintiff's counsel had the opportunity to cross-examine the VE but did not raise the Handbook or ask if there was any potential for injury from sewing machine moving parts. The ALJ did not violate his duties under Massachi or SSR 00-4p.

We must remember that Plaintiff has the burden of establishing that she no longer can perform her PRW. Pinto, 249 F.3d at 844. Even if there is ambiguity, when the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ's interpretation of the evidence here was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's step four PRW finding was supported by substantial evidence. The ALJ's non-disability determination was supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 18, 2012      */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE